MARTECH MEDICAL PRODUCTS,
INC., Petitioner

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, AFL–CIO,
Intervenors

No. 00–1298.

United States Court of Appeals,
District of Columbia Circuit.

April 20, 2001.

Before GINSBURG, SENTELLE, and KAREN LECRAFT HENDERSON, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the National Labor Relations Board and on the briefs of the parties. On joint motion of the parties, the court has determined that the issues presented occasion no need for oral argument. *See* D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the petition for review be denied and the Board's application for enforcement be granted. Martech does not advance the argument, relied upon by the Administrative Law Judge but rejected by the Board, that the General Counsel failed to make a prima facie case that the dismissal of Sue McNamara was impermissibly motivated. Instead, Martech argues that it successfully rebutted the General Counsel's prima facie case and demonstrated that it would

have dismissed McNamara for poor performance regardless of her union activity. We reject this argument, which depends upon testimony by Martech's managers that the ALJ did not credit. Martech also argues the Board was not entitled to infer a close relationship between McNamara and other union activists on Martech's staff because she worked in a different department and for a different supervisor than they. Familial and social ties, however, are potentially as relevant as professional ones to a close relationship.

██ The Board acted within its discretion when it concluded that statements by Martech's supervisors unlawfully created the impression that it had placed employees' union activities under surveillance. Martech argues only that these statements were not intended to create such an impression, and that they were largely confined to the day of the mass layoff. Because the Board assesses such statements not from the perspective of the speaker but to determine "whether [an] employee would reasonably assume from the statement that [his] union activities had been placed under surveillance," *Flexsteel Industries*, 311 NLRB 257, 257 (1993), neither of these arguments is availing. Martech does not suggest that we consider the argument of Member Brame, in partial dissent, that the statements in question were "innocuous." *Martech Medical Products, Inc.*, 331 NLRB No. 57, slip op. at 3 (June 28, 2000).

The Board's remaining findings are well within its discretion substantially for the reasons given by the Board.

The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41.